U.S. DIST. COURT EAST DIST. WISC.
– FILED
JUN 15 2006
AT \_\_\_\_ O'CLOCK \_\_\_\_ M
SOFRON B. NEDILSKY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CAPITAL EQUIPMENT & HANDLING, INC., | )<br>) |
| Plaintiff, | ) Case No. 06-C-184<br>) |
| v. | )<br>) |
| LOGISTICS INSIGHT CORPORATION, | )<br>) |
| Defendant. | ) |

## STIPULATION AND PROTECTIVE ORDER

### STIPULATION

IT IS HEREBY STIPULATED, by and between the parties, by the Plaintiff, Capital Equipment & Handling, Inc., by its attorneys, Hippenmeyer, Reilly, Moodie & Blum, S.C., by Mark G. Blum and Thomas G. Schmitzer, and the Defendant, Logistics Insight Corporation, by its attorneys, Sullivan, Hincks & Conway, by Daniel C. Sullivan, Matthew P. Barrette & Ryan A. Mahoney that, pursuant to Fed. R. Civ. P. 26(c) and Civil L.R. 26.4, the following terms and conditions regarding confidentiality shall govern the handling of documents produced and information provided in the course of discovery in the above captioned matter:

1. That certain information or documents requested by the Defendant in its First Set of Requests for Production of Documents is confidential and proprietary business information of the Plaintiff. That this confidential information includes, but is not necessarily limited to, all price lists for parts used by or installed by the Plaintiff in connection with maintenance or repair work performed by it from April 1, 2004 through December 31, 2004, on the freight handling equipment provided to the Defendant, and documents reflecting the

1

costs paid by the Plaintiff for each and every part used by or installed by it in connection with said maintenance or repair work.

2. That, in addition to the information described in paragraph 1, either party may designate other information or documents as confidential by placing or affixing on the document in a manner that does not interfere with its legibility the word "CONFIDENTIAL". The party who designates information as "CONFIDENTIAL" may only do so when it in good faith believes it contains trade secrets or nonpublic technical, commercial, financial, personal or business information. Except for documents produced for inspection at a party's facilities, the designation of "CONFIDENTIAL" information shall be made prior to, or contemporaneously with, the production or disclosure of that information. That, in the event the documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked "CONFIDENTIAL". That, once specific documents have been designated for copying, any documents containing confidential information will then be marked "CONFIDENTIAL" after copying, but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by inspection of confidential documents before they are copied and marked "CONFIDENTIAL" pursuant to this procedure.

3. That portions of the depositions of the parties' present and former officers, directors, employees, agents, experts and representatives may be designated "CONFIDENTIAL" only if they are designated as such when the deposition is taken.

4. That information or documents designated as "CONFIDENTIAL" under this rule must not be used or disclosed by the parties or counsel for the parties or any persons identified in paragraph 5 for any purpose whatsoever other than preparing for and conducting

2

the litigation in which the information or documents was disclosed (including appeals). That, for purposes of this Stipulation, the term "litigation" includes, but is not limited to, all forms of alternative dispute resolution that may be ordered by the Court or otherwise agreed to by the parties.

5. That the parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as "CONFIDENTIAL" under this Stipulation and Order to any other person or entity, except that disclosures may be made in the following circumstances:

(a) That disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation, trial or settlement of this matter or who are required, in good faith, to provide assistance in the conduct of the litigation. That any such employee to whom counsel for the parties makes a disclosure shall be advised of, and become subject to, the provisions of this Stipulation and Order requiring that the documents and information be held in confidence.

(b) That disclosure may be made to court reporters, consultants, experts or witnesses retained by the parties or counsel to assist in prosecution, defense or settlement of this matter. That, prior to disclosure to any court reporter, consultant, expert or witness, such individual must be informed of, and agree to be bound by, the terms of this Stipulation and Order, and shall sign an agreement indicating that he or she has read a copy of this Stipulation and Order and agrees to be bound by its provisions, consistent with the example attached as Exhibit "A". That a copy of all such agreements executed by these individuals shall be furnished, upon written request, to counsel for the party designating the information as "CONFIDENTIAL".

6. That, except as provided in paragraph 5, counsel for the parties shall keep all documents designated as "CONFIDENTIAL" secure within their exclusive possession and shall place the documents in a secure area.

7. That, subject to the rules of evidence, documents stamped "CONFIDENTIAL" and other confidential information disclosed under this Stipulation and Order may be offered in evidence at trial or any Court hearing, or alternative dispute resolution hearing. That any party may move the Court (after prior consultation with the other party) for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. Tha, at said Trial or hearing, the Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded the information at trial.

8. That, to the extent any papers filed, or to be filed, with the Court reveal, or tend to reveal, information claimed to be confidential, the filing party must file these papers, or any portion thereof, with the Clerk of Court under seal in an envelope marked "SEALED" and that references Civil L.R. 26.4.

9. That, in the event there is a dispute between the parties regarding documents that have been designated as "CONFIDENTIAL", the parties hereby agree that the Court shall make the final determination regarding the confidentiality of said documents. That, in the event of such a dispute, the parties agree that the dispute shall be resolved in one of the following ways:

    a. The disputed documents may be provided to the Court with a request that it issue a written decision declaring whether said documents are confidential. The parties agree to be bound by the Court's written decision. That said request need not

4

be made by formal motion and no hearing before the Court shall be held, unless required by the Court; or

        b.      The designation of confidentiality by a party may be challenged by the opponent upon motion. The movant must accompany such a motion with the statement required by Civil L.R. 37.1. The party prevailing on any such motion must be entitled to recover as motion costs its actual attorney fees and costs attributable to the motion.

        10.     That, upon conclusion of litigation, all the material, whether or not received in evidence, and treated as confidential under this rule, must be returned to the originating parties. That, if the parties so stipulated, the materials may be destroyed. That, despite a final termination of this action (including all appeals), this Stipulation and Order shall continue to apply to all confidential discovery.

        11.     That nothing in this Stipulation and Order shall prevent any party from seeking a modification of this Order or objecting to discovery which it believes to be otherwise improper.

        12.     That any violation of the terms of this Stipulation and Order may constitute contempt of court at the Court's discretion and may subject the violator to such sanction as the Court deems appropriate.

5
Case 2:06-cv-00184-WEC   Filed 06/15/06   Page 5 of 8   Document 31

Dated this 5th day of June 2006.

       /s/ Thomas G. Schmitzer
       Mark G. Blum
       State Bar of Wisconsin Member No. 01012243
       Thomas G. Schmitzer
       State Bar of Wisconsin Member No. 01027952
       Attorneys for Plaintiff, Capital Equipment & Handling, Inc.
       Hippenmeyer, Reilly, Moodie & Blum, S.C.
       720 Clinton Street
       P.O. Box 766
       Waukesha, WI 53187-0766
       Phone: (262) 549-8181
       Fax: (262) 549-8191
       mgblum@hrmblaw.com
       tschmitzer@hrmblaw.com

Dated this 7th day of June 2006.

       /s/ Matthew P. Barrette
       Daniel C. Sullivan
       Matthew P. Barrette
       Ryan A. Mahoney
       Attorneys for Defendant, Logistics Insight Corporation
       Sullivan, Hincks & Conway
       120 West 22nd Street, Suite 100
       Oak Brook, Illinois 60523
       Phone: (630) 573-5021
       Fax: (630) 573-5130

## PROTECTIVE ORDER

IT IS HEREBY ORDERED, based upon the foregoing Stipulation entered into by the parties, that the agreed to terms and conditions regarding confidentiality shall govern the handling of documents produced and information provided in the course of discovery as described in the Stipulation.

Dated this 15th day of June 2006.

BY THE COURT:

*[signature]*
Honorable William E. Callahan, Jr.
U.S. Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| CAPITAL EQUIPMENT & HANDLING, INC., | ) ) | |
| Plaintiff, | ) ) | Case No. 06-C-184 |
| v. | ) ) | |
| LOGISTICS INSIGHT CORPORATION, | ) ) | |
| Defendant. | ) ) | |

**AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER**

The undersigned hereby acknowledges that he or she has received a copy of the Stipulation and Protective Order entered in this action and has read and agrees to be bound by all the terms therein.

_____
Signature

_____
Name (please print)

_____
Date

1